UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CLIFFORD MORROW, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:16-CV-01791 ERW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Clifford Morrow's Amended Motion to Vacate Sentence and for Resentencing under 28 U.S.C. § 2255 [21].

**I.   BACKGROUND**

On March 25, 2015, Petitioner was charged in an eight count indictment along with several other defendants in Case No. 4:15-CR-143 ERW. Petitioner pleaded guilty to Counts I and VIII, distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(c) and Count II; distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841 (b)(1)(c). On February 25, 2016, he was sentenced to concurrent sentences on all counts of one hundred ten (110) months' imprisonment.

The Court relied on the 2015 Edition of the United States Sentencing Commission Guidelines Manual to calculate Petitioner's sentence. The Court adopted the recommendation of the Probation Office, finding the initial Adjusted Offense Level to be 24. A Chapter Four enhancement was applied after determining Petitioner's instant offense of conviction was a felony that was either a crime of violence or a controlled substance offense (Counts I, II, and VIII are controlled substance offenses), and Petitioner had at least two prior felony convictions

1

of either a crime of violence or a controlled substance offense. The Court concluded Petitioner was a "career offender," adopting an erroneous conclusion of the Pre-Sentence Report ("PSR") that Petitioner's prior felony offense was Assault in the First Degree ("First Degree Assault") under Docket No. 02-CR-001184 in St. Louis County Circuit Court. As later noted hereafter, that predicate offense was actually Assault in the Second Degree ("Second Degree Assault"). He pleaded guilty and was sentenced to Second Degree Assault in the St. Louis County Circuit Court under the same case number, 02-CR-001184.

This Court, in applying the Chapter Four Enhancement, found the final adjusted offense level to be thirty-two (32). Under the United States Sentencing Guideline 3E1.1(a), the Court adopted a two( (2) point reduction for Acceptance of Responsibility under § 3E1.1(a), and an additional one (1) point reduction for Acceptance of Responsibility under § 3E1.1(b). Petitioner's total offense level was found to be twenty-nine (29); his criminal history category was VI, and the United States Sentencing Guideline Range was declared to be one hundred fifty one (151) months to one hundred eighty eight (188) months. The Court granted a downward variance and sentence Petitioner to one hundred ten (110) months on Counts I, II, and VIII, ruling the sentences would be served concurrently. The Sentencing Transcript contains the full statement of reasons for the variances, but the Court emphasized Petitioner's "egregious childhood" and a history of mental illness. Petitioner did not appeal.

On November 18, 2016, Petitioner, acting *pro se*, filed a Motion to Vacate, Correct, or Set Aside his Sentence under 28 U.S.C. § 2255 [1,2]. This Court initially appointed counsel to review Petitioner's case for issues related to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Public Defender first requested a stay of proceedings pending the Supreme Court's decision in *Beckles v. U.S.*, 137 S. Ct. 886 (2017). After the *Beckles*

decision, counsel for Petitioner notified the Court it did not intend to pursue any further grounds in addition to those raised in Petitioner's *pro se* motion. On August 16, 2017, however, Petitioner filed a Motion to Expand Scope of Representation and for Additional Time to Review Petitioner's Claims under 28 U.S.C.§ 2255. Petitioner stated counsel had conferred with Petitioner and determined Petitioner had never been convicted of First Degree Assault, the crime listed as a predicate crime of violence for Petitioner's qualification as a career offender. Rather, Petitioner had pleaded guilty to Second Degree Assault. Petitioner asked for this Court to allow his counsel to expand the scope of his representation and review Petitioner's prior conviction. This Court granted this Motion, and Petitioner filed an Amended Petition for Writ of Habeas Corpus on September 22, 2017 [79]. In response to a subsequent Order to Show Cause, the Government filed a Response to the Amended Motion to Vacate, and Petitioner filed a Reply to that Response.

## II. LEGAL ANALYSIS

The United States Sentencing Guidelines are advisory, not mandatory. *See U.S. v. Booker*, 543 U.S. 220 (2005). They provide for an enhanced recommended sentence for defendants that are found to be "career offenders." A "career offender" is defined as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Petitioner's Amended Motion to Vacate raises two arguments: (1) Petitioner should not have qualified as a career offender as defined under this provision; and (2) Petitioner's trial counsel was ineffective for failing to raise the issue at the time of sentencing.

3

With respect to Petitioner's first claim, section 2255 permits a prisoner serving a federal sentence to request that the sentence be vacated, set aside, or corrected on the ground that the sentence was "in excess of the maximum authorized by law," but as the Eighth Circuit has stated, "this provision applies to violations of statutes establishing maximum sentences, rather than the garden-variety Sentencing Guideline application issues." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir.1995). Thus, it is well settled in the Eighth Circuit and in other circuits that an alleged error in applying the Sentencing Guidelines should be resolved on direct appeal, and it is not cognizable in a section 2255 motion, unless the alleged error resulted in a "miscarriage of justice." *Id*. (alleged improper use of prior conviction under Sentencing Guidelines not cognizable under section 2255); *United States v. Ward*, 55 F.3d 412, 413 (8th Cir.1995) (alleged error in type of drug attributed to defendant for sentencing purposes not cognizable under section 2255); *Knight v. United States*, 37 F.3d 769, 772–74 (1st Cir.1994) (misapplication of Sentencing Guidelines not usually subject to section 2255 review); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (same), cert. denied, 529 U.S. 1010 (2000); *Nichols v. United States*, 75 F.3d 1137, 1145 (7th Cir.1996) (error in calculating guideline range not subject to section 2255 review). The "miscarriage of justice" exception is "'extremely narrow' and designed to correct sentence not authorized by the judgment of the conviction or outside the statutory range." *United States v. Rosales*, 132 Fed. Appx. 71, 72 (8th Cir. 2005).

Petitioner argues his sentence should not have been enhanced by the "career offender" provision of the Sentencing Guidelines because the enhancement was erroneously based on a conviction of First Degree Assault. This conclusion is erroneous. Petitioner was, in fact, only convicted of Second Degree Assault as above recognized in Docket No. 02CR001184 in St. Louis County Circuit Court. He argues that had he not received this enhancement, his guideline

range would have been 77-96 months, and given the 27% downward variance the Court ultimately granted at his sentencing, he would have received approximately 56 months' imprisonment, rather than 110 months. He does not, however, argue the sentence he, in fact, received was outside the statutory sentencing range and above the maximum authorized by law.[1] 28 U.S.C. § 2255; *Auman*, 67 F.3d at 161. Accordingly, the alleged error by the Court is only cognizable in a section 2255 motion if it constitutes a "miscarriage of justice;" otherwise, it should have been raised on direct appeal. *See id*; *See also Bledsoe v. United States*, 4:10-CV-00049, 2011 WL 1533028, *3 (E.D. Mo. Apr. 21, 2011).

As above noted, the Court agrees with Petitioner that his Presentence Investigation Report ("PSR") erroneously states Petitioner had previously been convicted of First Degree Assault. The Judgment and Sentence by the state court in that case clearly states Petitioner pleaded guilty to Second Degree Assault and Armed Criminal Action. Clearly, Defendant pleaded guilty to Second Degree Assault and was sentenced by the state court for Second Degree Assault. The First Degree Assault charge was amended to Second Degree Assault before he entered his plea. This Court's ultimate sentence is consistent with the actual sentence in the St. Louis Circuit Court case, where he was convicted of Second Degree Assault. Adopting a false statement from the PSR is harmless to Petitioner if, in fact, the sentence of the Court supports a conclusion he is a career offender, based on the actual Second Degree Assault conviction.[2]

---

[1] Indeed, Petitioner was granted a downward variance of 41 months based on based on 18 USC 3553(a) factors.

[2] The Eighth Circuit has noted it has not provided a "precise definition" for "miscarriage of justice," but that it presented a non-exhaustive list of three circumstances where it could exist:
> First, a miscarriage of justice may exist when the district court bases a sentence on constitutionally impermissible factors. Id. Second, claims asserting ineffective assistance of counsel may warrant a determination of a miscarriage of justice. Id. Finally, an illegal sentence may constitute a miscarriage of justice.

Accordingly, this Court must address whether Petitioner's Second Degree Assault conviction qualifies as a crime of violence as defined by U.S.S.G. § 4B1.2(a).

A "crime of violence" is defined in the Guidelines as follows:

> (a) the term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). To determine whether a state court conviction falls within the meaning of "crime of violence," the court should focus solely on the elements of conviction and not the particular facts of the case. *See Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016).[3] In doing so, the court should determine whether the statute is indivisible, setting out a single set of elements to define a single crime, or divisible, listing elements in the alternative to define multiple crimes. *Id.* If a crime is indivisible, the court should use the "categorical approach," comparing the elements of the crime to the "generic" version of the offense listed under U.S.S.G. § 4B1.2(a). *See id.* If the statute is divisible, the court must apply the "modified categorical approach" and examine the record to pinpoint which of the alternative elements listed was "integral to the defendant's conviction" so as to determine the crime in which the defendant was convicted. *Id.* The court can then determine whether that crime is a "crime of violence" qualifying as a predicate offense under U.S.S.G. § 4B1.2(a).

---

*United States v. Woods*, 346 F.3d 815, 818 (8th Cir. 2003). Under the particulars of this case, however, if the Court would have found Petitioner to be a career offender even without the error in the PSR, it would have imposed the same sentence Petitioner in fact received. Thus, there would definitively be no "miscarriage of justice."

[3] Though much of the analysis referenced in this opinion stems from precedent involving the ACCA and its statutory definition of "violent felony," "[t]he statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'" *United States v. Furqueron*, 605 F.3d 612, 614 (8th Cir. 2010).

The Missouri crime of Second Degree Assault provides:

1. A person commits the crime of assault in the second degree if he:
    (1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or
    (2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or
    (3) Recklessly causes serious physical injury to another person; or
    (4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself; or
    (5) Recklessly causes physical injury to another person by means of discharge of a firearm.

§ 565.060, RSMo 2002.

This statute is clearly a divisible one as it "comprises multiple, alternative versions of the crime." *Descamps*, 133 S.Ct. at 2284. The Eighth Circuit has found some of these elements constitute a "crime of violence" whereas others do not. In particular, it has found subsection 2 constitutes a "crime of violence," while subsection 3 does not. *See United States v. Alexander*, 809 F.3d 1029, 1031-32 (8th Cir. 2016); *United States v. Fields*, 863 F.3d 1012, 1015 (8th Cir. 2017). Here, Petitioner correctly notes his Plea of Guilty and Judgment and Sentence do not specify which of these elements Petitioner violated, and the state court docket for this charge only states it was amended to "Assault – 2nd Degree (Felony C RSMo: 565.060)." However, this Court may examine the information to determine whether its language "precisely tracks" the language of a specific subsection of the crime in which Petitioner was convicted. *See United States v. Thomas*, 838 F.3d 926, 928 (8th Cir. 2016); *United States v. Phillips*, 817 F.3d 567, 569 (8th Cir. 2016).[4] Petitioner's charging document states the Grand Jury found Petitioner

---

[4] Petitioner argues in the event the state court records do not expressly specify which element was integral to the petitioner's conviction, this Court is required to presume the conviction

"knowingly caused serious physical injury to [Victim] by cutting and stabbing him" in violation of section 565.050, RSMo, Missouri's First Degree Assault statute. This Court finds this language tracks the language in subsection 2 of section 565.060, RSMo, Missouri's Second Degree Assault statute. It thus concludes subsection 2 was the element integral to Petitioner's conviction of Second Degree Assault, and thus his conviction of Second Degree Assault qualifies as a crime of violence under Eighth Circuit precedent. *Alexander*, 809 F.3d at 1031-32.

With respect to Plaintiff's second claim of ineffective assistance of counsel, this Court notes to succeed on this claim, Petitioner must show his counsel's performance was deficient and that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not determine whether a movant meets the "performance" prong of the *Strickland* test if it may "dispose of the ineffectiveness claim on the ground of lack of sufficient prejudice." *Young v. Bowersox*, 161 F.3d 1159, 1160 (8th Cir. 1998); *see also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000). As noted above, Petitioner's sentence would not have resulted in a different outcome had counsel made the Court aware of the error in the PSR prior to Petitioner receiving his sentence. This Court would have concluded Petitioner was a "career offender" based on Petitioner's true predicate offense, Second Degree Assault. Therefore, Petitioner cannot establish he was prejudiced based on his counsel's allegedly deficient performance, and this claim must fail.

---

"rested on nothing more than the least of the acts criminalized by the proposed predicate's statute." However, the petitioner in a section 2255 case, like this one, has the burden of proving that the sentence resulted in a miscarriage of justice because his predicate crime did not qualify as a "crime of violence." *See Day v. United States*, 428 F.2d 1193 (8th Cir. 1970); *See also Hardman v. United States*, 191 F.Supp.3d 989, 992 (W.D. Mo. June 3, 2016) (also finding it is the Government that has the burden to prove Petitioner qualifies for the enhancement at sentencing). In other words, it is the petitioner who must show he was convicted under the element of the crime that does not constitute a "crime of violence." This Court cannot simply make that assumption because Petitioner failed to meet that burden.

Finally, the Government claims Petitioner's Amended Petition is time-barred by 28 U.S.C. § 2244(d)(1), which provides, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody." Because this Court has found Petitioner's underlying claims to be without merit, it need not determine the timeliness of Petitioner's Amended Motion. Petitioner remains a "career offender," and his Amended Motion to Vacate will be denied.

### III. CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to his claim of ineffective assistance of counsel, and no certificate of appealability will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Clifford Morrow's Amended Motion to Vacate Sentence and for Resentencing under 28 U.S.C. 2255 [21] is **DENIED**. The Court will

not hold an evidentiary hearing,[5] and it will not issue a certificate of appealability with respect to Petitioner's claim of ineffective assistance of counsel.

So Ordered this 3rd day of August, 2018.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[5] "[A]n evidentiary hearing is unnecessary and not required in cases 'where the petitioner's allegations, even if ture, fail to state a claim upon which habeas relief can be granted.'" *Ruiz v. Noris*, 71 F.3d 1404 (8th Cir. 1995) (citing *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988)).